UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.
MAGISTRATE JUDGE: **00 - 6090**

**CIV-ZLOCH**

**MAGISTRATE JUDGE**
**SELTZER**

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

      Plaintiff(s),

vs.

FORTUNE INVESTMENTS, INC., a Florida corporation,

      Defendant(s).

_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit

corporation, PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually,

(sometimes jointly referred to herein as "Plaintiff"), sue the Defendant, FORTUNE

INVESTMENTS, INC., a Florida corporation, (sometimes referred to as "Defendant") for

Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities

Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act,

42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original

jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is

located in this judicial district, and the Defendant is doing business in this judicial

1

district.

## STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.    Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.    The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.    Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until

2

Defendant is compelled to comply with the requirements of the ADA. ADVOCATES FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Plaintiffs, PETER SPALLUTO and ERNST ROSENKRANTZ are Florida residents, are sui juris and qualify as individuals with disabilities as defined by the ADA.

8.    Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.    Defendant, owns; or leases; or leases to; or operates a  place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104.  Defendant  is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Sea Lord Resort Inn and is located at: 4140 El Mar Drive, Lauderdale By The Sea, FL.

## THE INSTANT CLAIM

10.    Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and

3

constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11.    Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13.    Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less): See attached photograph numbers 1 through 13.

    1.    There is only 1 disabled parking space provided with no accessible route violating section 4.6.1 of the ADAAG. See photograph numbers 12 and 13.

    2.    The signs identifying disabled parking spaces throughout the facility do not have fines posted and are not at proper height violating section 4.6.4 of the

4

ADAAG.  See photograph number 12.

3.       All of the disabled use spaces have no access aisles in violation of sections 4.3.1 and 4.6.3 of the ADAAG.  See photograph number 12.

3.        An accessible path or route of travel compliant with the ADAAG 4.3 is not provided as there is not a 36" wide clear path of travel.

4.       Failure to provide accessibility to recreation facilities which do not provide a pool lift for disabled accessibility; not compliant with the ADAAG 4.3.2.  See photograph number 10.

5.       The rooms all have door hardware that is inoperable with a closed fist in violation of section 4.13.9 of the ADAAG.  See photograph number 6.

6.       The rooms all have rises at the doorway in violation of section 4.13.8 of the ADAAG.  See photo number 7.

7.        There is a rise in excess of one half inch at the office entrance in violation of section 4.5.2 of the ADAAG.  See photograph number 9.

8.        The facility does not provide any rooms for disabled use in violation of the ADAAG.

9.       The door has a width in violation of section 4.13 of the ADAAG.  See photograph number  5.

10.       The controls to various devices throughout the room are inoperable with a closed fist in violation of sections of the ADAAG.  See photo #1

11.      There is no access to the sink in violation of section 4.19 of the ADAAG.  See photograph number 2.

5

12. There is no accessible route through the room in violation of section 4.3.3 of the ADAAG.

13. There is not a 36" clear maneuvering space along both sides of the bed in violation of section 9.2.2 (1) of the ADAAG.

14. There is not a 18" space provided at the bathroom door in violation of section 4.13 of the ADAAG.

15. There are improper clearances and throughout the restroom and no grab bar behind water closet as required in violation of sections 4 and 9 of the ADAAG.  See photograph numbers  4 and 5.

14. The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA .

16. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer

employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.      A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.      An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c.      Such other relief as the Court deems just and proper.

**DATED:** _v/ 13/ ov_

_____

By: Lawrence A. Fuller, Esquire
Florida Bar#: 180470
Fuller& Mallah and Associates, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

W:\WPDocs\A.D.A\# -FORTUNE INVESTMENTS INC\Complaint(cme).wpd

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.
MAGISTRATE JUDGE:

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

       Plaintiff(s),

vs.

FORTUNE INVESTMENTS, INC., a Florida corporation,

       Defendant(s).

_____/

**PLAINTIFF(S)' REQUEST FOR ADMISSIONS "ADA"**
DATED: ___2/13/0__

    Plaintiff(s), by and through their undersigned attorneys, file this Request for Admissions to

the Defendant(s), each Defendant individually, and requests the Defendant(s) to admit or deny the

following:

        *PLEASE RESPOND BY ANSWERING ON THIS DOCUMENT*

        *(IF ANY ANSWER NEEDS TO BE QUALIFIED, PLEASE LIST THE NUMBER OF*

        *THE REQUEST AND SET FORTH ANY QUALIFICATION TO YOUR ANSWER)*

| | **SOURCE** | **SUBJECT OF REQUEST** | **ADMIT** | **DENY** |
|---|---|---|---|---|
| 1. | | Admit or deny the allegations set forth in Paragraph 1 of the Complaint | [ ] | [ ] |
| 2. | | Admit or deny the allegations set forth in Paragraph 2 of the Complaint | [ ] | [ ] |
| 3. | | Admit or deny the allegations set forth in Paragraph 3 of the Complaint | [ ] | [ ] |

4.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 4 of the Complaint

5.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 5 of the Complaint

6.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 6 of the Complaint

7.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 7 of the Complaint

8.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 8 of the Complaint

9.              Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 9 of the Complaint

10.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 10  of the Complaint

11.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 11 of the Complaint

12.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 12  of the Complaint

13.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 13 of the Complaint

14.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 14  of the Complaint

15.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 15 of the Complaint

16.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 16 of the Complaint

17.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 17 of the Complaint

18.             Admit or deny the allegations set        [   ]          [   ]
                forth in Paragraph 18 of the Complaint

19.                    Admit or deny the allegations set        [    ]              [    ]
                       forth in Paragraph 19 of the Complaint

20.                    Admit or deny that the property          [    ]              [    ]
                       described in the Complaint evidences
                       a violation of Title III of the Americans
                       With Disabilities Act, 42 U.S.C.
                       §§12181, et seq. (hereinafter referred
                       to as "ADA").


        WE HEREBY CERTIFY that the foregoing Request for Admissions was served along with
the Complaint in this Action.

                              FULLER, MALLAH & ASSOCIATES, P.A.
                              Attorneys for Plaintiffs
                              1111 Lincoln Road, Suite 802
                              Miami Beach, FL 33139
                              (305) 538-6483 - Dade
                              (954) 463-6570 - Broward
                              (305) 534-9894 - Fax


                       By: _____
                              LAWRENCE A. FULLER, ESQ.
                              Fla. Bar No. :0180470

W:\WPDocs\A.D.A\# -FORTUNE INVESTMENTS INC\Discovery(cme).wpd



#1

#2



#3



#4



#5



#6



#7



#8



#9



#10



#11



#12



#13

# CIVIL COVER SHEET

**00-6090**
**CIV-ZLOCH**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE SELTZER**

## I (a) PLAINTIFFS

ADVOCATES FOR THE DISABLED, INC., a Florida not-for profit croporation, PETER SPALLUTO, and ENRST ROSENKRANTZ,

## DEFENDANTS

FORTUNE INVESTMENTS, INC., a Florida corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward  0:00cv6090 Zloch Seltzer

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

## IVa.  2  days estimated (for both sides) to try entire case

## V. NATURE OF SUIT  (PLACE AN X IN ONE BOX ONLY)

| A  CONTACT | A  TORTS | B  FORFEITURE/PENALTY | A.  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A  PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury-Med Malpractice | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **B  SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending  B | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **A  . LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A  REAL PROPERTY** | **A  CIVIL RIGHTS** | **B  PRISONER PETITIONS** | ☐ 720 Labor/Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Management Reporting & Disclosure Act | **A  FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure  B | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions *  A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

## VI. ORIGIN  (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reified
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A   ☐ UNDER F.R.C.P. 23   CLASS ACTION   DEMAND $   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):   JUDGE    DOCKET NUMBER

DATE  1/13/00   SIGNATURE OF ATTORNEY OF RECORD

FED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 815714   Amount: 150.00
Date Paid: 01/19/00   MUp: _____